IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK14-40491 |
| | ) | |
| BARBARA ANN GRAVES, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| BANK OF DONIPHAN, | ) | ADV. PROC. 14-4031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BARBARA ANN GRAVES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on a motion for summary judgment (Fil. #28) filed by Defendant, Barbara Ann Graves, and a resistance (Fil. #31) filed by Plaintiff, Bank of Doniphan ("Bank"). Kristin Krueger and Donald L. Swanson represent the Bank, and Trev Peterson represents Ms. Graves. The parties have had the opportunity to submit briefs, and the motion was taken under advisement.

For the reasons set forth below, the motion is denied.

### *BACKGROUND*

The Bank filed this adversary proceeding seeking a declaration that the entire indebtedness owing from Ms. Graves to the Bank, including post-petition interest accruing at the default rate of 16% per annum, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). The Bank also requested that Ms. Graves' discharge be denied pursuant to 11 U.S.C. §§ 727(a)(4)(A), 727(a)(5), 727(a)(2)(B), and 727(d)(2). Ms. Graves now moves for summary judgment asserting that the Bank's entire proof of claim has been paid in full, together with interest as required under 11 U.S.C. § 726(a)(5), rendering the Bank's amended complaint moot. The Bank disagrees, and takes the position that it has not been paid in full since interest accrues on its judgment at the rate of 16% per annum, and it was not paid anywhere near that amount from the bankruptcy estate. Therefore, according to the Bank, if its debt is nondischargeable the remaining interest that accrued post-petition remains due and payable.

The material facts are uncontroverted:

1.      On March 20, 2014, Ms. Graves filed her petition under Chapter 7 of the United States Bankruptcy Code. John A. Wolf was appointed as the Chapter 7 trustee.

2.      A few weeks prior to bankruptcy filing, on March 4, 2014, the Bank obtained a judgment in the District Court of Hall County, Nebraska, against Ms. Graves in an amount exceeding

$1,100,000.00, together with post-judgment interest accruing thereafter at the rate of 16% per annum. The judgment was for the unpaid balance due on two promissory notes.

  3. On June 24, 2014, the Bank filed a timely proof of claim in the Chapter 7 bankruptcy case of Ms. Graves. The claim was in the amount of $1,176,959.24 as of the date of bankruptcy filing. Ms. Graves did not object to the Bank's proof of claim.

  4. The bankruptcy estate received significant amounts of money following the post-petition death of Ms. Graves' mother. Those funds enabled the bankruptcy estate to become solvent and, on July 24, 2015, the Chapter 7 trustee paid all claims, including the Bank's claim, in full.

  5. On October 29, 2015, the Chapter 7 trustee filed a Trustee's Final Report (Fil. #180 in BK14-40491) which stated, at page 10:

> To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.1% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $3,642.49. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

  6. On October 30, 2015, the Chapter 7 trustee filed a Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (Fil. #182 in BK14-40491). That filing gave any person wishing to object to any fee application or to the final report a period of 21 days to file a written objection. No objections were filed and the trustee made final distributions in accordance with the final report. The notice served by the trustee contained the same language regarding interest as the final report.

  7. The 0.1% interest paid by the Chapter 7 trustee to the Bank is substantially less than the 16% per annum post-judgment interest allowed pursuant to the Bank's judgment.

## *DISCUSSION*

  The first argument made by Ms. Graves in support of her motion for summary judgment is that the Bank's claim has been paid in full, including interest as required under § 726(a)(5), which renders the allegations in the Bank's amended complaint moot. In that regard, the brief filed by Ms. Graves engages in an extended discussion of the meaning of "interest at the legal rate" as used in 11 U.S.C. § 726(a)(5). Ms. Graves correctly points out that courts are split on whether "interest at the legal rate" means interest at the federal judgment interest rate statute, 28 U.S.C. § 1961(a), or whether state law or the contract rate should apply. There are no controlling cases in the Eighth Circuit on the issue and, as it turns out, I need not decide it here.

  The Bank argues that Ms. Graves misidentifies the issue, and I agree. The issue is not *which* interest rate to apply under 11 U.S.C. § 726(a)(5). Instead, the issue is whether the Bank is able to recover post-petition interest according to the terms of its indebtedness on a debt that is nondischargeable.

Generally, § 502(b)(2) specifies that unmatured interest, such as the post-petition interest the Bank is seeking here, is not allowed as part of a claim against the bankruptcy estate. The Eighth Circuit has stated:

> The general rule "disallowing" the payment of unmatured interest out of the assets of the bankruptcy estate is a rule of administrative convenience and fairness to all creditors. The rule makes it possible to calculate the amount of claims easily and assures that creditors at the bottom rungs of the priority ladder are not prejudiced by the delays inherent in liquidation and distribution of the estate. But when concerns for administrative convenience and fairness are not present, postpetition interest will be "allowed." For example, if a creditor is oversecured – the value of his security is sufficient not only to satisfy the principal amount of the claim, but also to satisfy postpetition interest, then such interest is allowed. Postpetition interest is also payable out of the assets of the bankruptcy estate – if the debtor ultimately proves to be solvent – before any sums are returned to the debtor. To a similar extent, the concerns for administrative inconvenience and fairness are not present when a court makes a determination of whether to discharge a claim.

*Hanna v. United States (In re Hanna)*, 872 F.2d 829, 830-31 (8th Cir. 1989) (citations omitted).

Most courts addressing the issue agree that where a creditor holds a nondischargeable debt, the disallowed post-petition interest continues to accrue, and the creditor may collect the debt and post-petition interest after the debtor receives a discharge. *Bruning v. United States*, 376 U.S. 358, 362 (1964) (post-petition interest on a nondischargeable tax debt remains a personal liability of the debtor); *Hanna*, 872 F.2d at 831 ("the policies underlying the determination under section 502(b)(2) do not apply to the determination of whether an item is dischargeable or not . . . ."); *Branch v. UNIPAC/NEBHELP (In re Branch)*, 175 B.R. 732, 735 (Bankr. D. Neb. 1994) (holding that post-petition interest on a nondischargeable student loan debt is also nondischargeable, and that it remains an obligation of the debtor following the closing of the case); *Kielisch v. Educational Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315 (4th Cir. 2001) (post-petition interest on student loans continues to accrue despite § 502). *See also Treuhold Capital Group LLC v. Cohen (In re Cohen)*, Bankr. No. 08-70271-478, Adv. No. 08-8161-478, 2011 WL 5509071, at *6 (Bankr. E.D.N.Y. Nov. 10, 2011) (collecting cases in which courts have held that post-petition interest is nondischargeable with respect to § 523 claims).

Accordingly, I agree that if the judgment debt is found to be nondischargeable, then Ms. Graves remains personally liable for all "ancillary" amounts still owing in connection with the judgment. *Jennen v. Hunter (In re Hunter)*, 771 F.2d 1126, 1131-32 (8th Cir. 1985). When a debt is nondischargeable and is not satisfied in the bankruptcy case, it can be enforced as if the bankruptcy had not occurred. *See, e.g., Lynd v. Ries (In re Genmar Holdings, Inc.)*, 490 B.R. 833, 836 (B.A.P. 8th Cir. 2013). The judgment in this case provides that post-judgment interest accrues at the rate of 16% per annum. The bank was not paid that amount, so this adversary proceeding is not moot.

Ms. Graves also argues that because the Bank failed to object to the payment of interest at 0.1% as provided in the trustee's final report, the Bank is now estopped from attempting to collect additional interest. In other words, Ms. Graves is arguing that the Bank waived the right to collect 16% interest when it failed to object to the trustee's proposed distribution of interest at the rate of 0.1%.

I find this argument to be unpersuasive for several reasons. First, the Bank's adversary proceeding which specifically sought collection of accruing interest at the rate of 16% per annum was pending at the time the trustee's final report was filed in the bankruptcy case, and nothing in the report indicated that the Bank would lose its rights in the adversary proceeding by failing to object. Therefore, the Bank clearly was not waiving its right to seek additional interest. It was obvious from the trustee's final report that the trustee did not have on hand sufficient funds to pay much more than the 0.1% set forth in the report. Therefore, an objection by the Bank would have been fruitless.

Second, because the Bank is asserting that its debt is nondischargeable, it is not seeking payment of the 16% post-petition interest from the bankruptcy estate. Rather, it is asking for the judgment debt to be held nondischargeable so that it can collect that amount from Ms. Graves personally. *Bruning v. United States*, 376 U.S. 358, 362 (1964) (post-petition interest on a nondischargeable tax debt remains a personal liability of the debtor).

Finally, in *Hanna*, albeit in a slightly different context, the Eighth Circuit stated "[u]nmatured interest is not disallowed [under section 502] on its merits. Rather, the bases for disallowing unmatured interest are the concerns pertaining to administrative convenience and fairness to other creditors, and collateral estoppel should not apply to prevent actions attempting to enforce such claims." *Hanna*, 872 F.2d at 831. Similarly, estoppel related to the claims payment process also should not apply.

Accordingly, the motion for summary judgment filed by Ms. Graves is denied. The Clerk shall schedule a pre-trial conference.

DATED: February 11, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Kristin Krueger/Donald L. Swanson
    *Trev Peterson
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.